## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST )
FROM ARGENTINA )
IN THE MATTER OF ) Misc. No. 08-
PESSINA )

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF APPLICATION FOR ORDER**

This memorandum of law is submitted in support of the Application for an Order pursuant to Title 28, United States Code, Section 1782, in order to execute a letter of request from Argentina. The translation is attached.

FACTUAL BACKGROUND:

This the Argentine authorities are requesting information for a probate issue.

EVIDENCE SOUGHT:

The Argentine authorities seek information from a corporation that resides in this District. The authority for this Court to accede to this request is contained in Title 28, United States Code, Section 1782, which states in part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe

the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, "(t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." *In Re Letter of Request from the Crown Prosecution Services of the United Kingdom*, 870 F.2d 686, 687 (D.C. Cir. 1989). The letter of request in this case shows that the information sought is for use in such proceedings in Argentina and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown*

*Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled <u>ex parte,</u> and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE,** the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

                              Respectfully submitted,

                              COLM F. CONNOLLY
                              United States Attorney

BY: _/s/_
                              David L. Hall
                              Assistant U.S. Attorney
                              1007 N. Orange Street
                              Wilmington, DE   19801
                              (302) 573-6277

Dated: 4/8/08

**COLEGIO DE TRADUCTORES**
DE LA PROVINCIA DE SANTA FE (2° CIRC.)



**TRANSLATION**—

[On the top left hand corner there is a handwritten number: 769. To the right, there is a date: March 30, 2007. In the middle of the page, at the top, there is a stamp in violet ink for the fee paid, as well as an overlapping circular seal in black ink for the 1st Instance Civil and Commercial Court Number14 of the City of Rosario.]—

To the recipient Judge with Jurisdiction and Competency in the city of New York:—

I, María de los Milagros Lotti, Attorney, 1st Instance Judge for Civil and Commercial Matters in charge of Court No. 14 of the city of Rosario, Santa Fe, Argentina, **DO HEREBY GREET, REQUEST AND MAKE KNOWN**:—

That the 1st Instance Civil and Commercial Court Number 14 of the City of Rosario, Province of Santa Fe, Argentine Republic—under my charge, attorney María Andrea Mondelli being in charge of the Office of the Head Court Clerk—located in Balcarce 1651 of this city, is handling the file of "**PESSINA ROGELIO ADOLFO S/DECLARATORIA DE HEREDEROS**" (**PESSINA ROGELIO ADOLFO ABOUT DECLARATION OF HEIRS**), File No. 248/05, over which the signatory has legal competency due to topic and jurisdiction and has therefore decided to issue the current request; that within these files is comprised the following procedural order: "Rosario, July 3, 2006. Let a request be issued as solicited. Point II) to be born in mind. Signed: María de los Milagros Lotti, Attorney, Judge; María Andrea Mondelli, Att., Head Court Clerk [*Translator's Note*: Head Court Clerk, highest court officer below the judge].—

1) Parties to the action: Mrs. Carola Etchart, domiciled at Coronel Lagos 399, ciudad de Pergamino, Provincia de Buenos Aires, represented by Diana Beatriz Toccalino, Attorney, domiciled at San Lorenzo 1422 1er. Piso Of. 1 y 2, Rosario, Santa Fe; Mrs. Valentina Etchart, domiciled at Catamarca 1459, Piso 8vo. Departamento "A",—

Rosario, Santa Fe, and Santiago Etchart, domiciled at Av. del Libertador 5579, Piso 4to. Departamento "D", Capital Federal, both of them represented by María Verónica Lara, Attorney, domiciled at Balcarce 447 P.B. "A", Rosario.————————

2) Aim of the proceedings: To know the state of the bank accounts. Mr. Rogelio Adolfo Pessina was the legal owner of Accounts No.▮▮▮▮ No.▮▮▮▮ No.▮▮▮▮ No.▮▮▮▮ No.▮▮▮▮ and No.▮▮▮▮ at CITIBANK, 263 Sea Cliff Ave., Sea Cliff, NY 11579.————————

At the MBNA AMERICAN BANK of 1100 N King St., Wilmington, DE 19884-0011, he was the legal owner of Accounts No.57177443-9 and No.183450397.————

At the DIME SAVINGS BANK OF WILLIAMSBURGH—1000 Port Washington Boulevard, Port Washington, NY 11050—he was the legal owner of Accounts No. ▮▮▮▮ and ▮▮▮▮.————————

[At the bottom of the first page there are two signatures with their descriptions: María Andrea Mondelli, Attorney, Head Court Clerk, 1st Instance Court of the Civil and Commercial District No. 14; María de los Milagros Lotti, Attorney, Judge, 1st Instance Court of the Civil and Commercial District No. 14.]————

Some of the bank accounts were co-owned by Mr. Rogelio A. Pessina and Enriqueta Baronio (mother of María Elena Ferrero) and/or Teresa B. de Pessina (mother of Rogelio Pessina) and/or María Elena Ferrero (mother of Valentina, Santiago, and Carola Etchart). The co-owners are all of them deceased, as evidenced by the appointment of Valentina, Santiago, and Carola Etchart as heirs to the decedent, Mr. Rogelio Pessina, according to Decree No.1801.————

Mr. Rogelio Adolfo Pessina, Passport No.▮▮▮▮ domiciled at ▮▮▮▮ ▮▮▮▮ USA, passed away on February 14, 2004, in the City of Rosario, Province of Santa Fe, Argentina, which led to the————



initiation of the Probate Hearing. A declaration of heirs was issued and his cousin, María Elena Catalina Ferrero, was named sole and universal heir, without injury to third parties. As a result of the consequent death of María Elena Catalina Ferrero, her children, Valentina, Carola, and Santiago Etchart Ferrero, became sole and universal heirs, without injury to third parties.————————————————————————————

3) I hereby attach the Declaration of Heirs, Decree No.1801, issued in Rosario on June 26, 2005.————————————————————————————————————

The aim of the current request is for you to communicate the following procedural orders to: **CITIBANK, DOMICILE: 263 Sea Cliff Ave., Sea Cliff, NY 11579; MBNA AMERICAN BANK, DOMICILE: 1100 N King St., Wilmington, DE 19884-0011; and DIME SAVINGS BANK OF WILLIAMSBURGH, DOMICILE: 1000-Port Washington Boulevard, Port Washington, NY 11050,** in order for them to reveal—through an official inquiry—whether Mr. Rogelio Adolfo Pessina, Passport ███████ domiciled at ███████████████████████ ████ USA, deceased on February 14, 2004, in the City of Rosario, Province of Santa Fe, Argentina, owned other bank accounts and/or safe-deposit box/es. Should that be the case, they are to report the balance on all the accounts—including that on the ones specified in this document—as of February 14, 2004. Moreover, if it should arise that Mr. Pessina appointed a beneficiary/ies, they are to disclose his/her/their name/s. If the beneficiary/ies has/have requested payment, the above mentioned parties are to notify the date of withdrawal and send a certified copy of the documentation that bears the signature of the beneficiary/ies.————————————————————————

The requested information is to be obtained at the Banks where Mr. Rogelio Pessina had the following accounts:————————————————————————————

*CITIBANK: 263 Sea Cliff Ave., Sea Cliff, N.Y. 11579. Accounts No.███████ No.███████, No.███████ No.███████ No.███████, and No.███████

*MBNA AMERICAN BANK: 1100 N King St., Wilmington, DE 19884-0011. Accounts No.57177443-9 and No.183450397.————————————————

*DIME SAVINGS BANK OF WILLIAMSBURGH: 1000 Port Washington Boulevard, Port Washington, NY 11050. Accounts No.███████ and No.███████

Attorneys Diana Beatriz Toccalino and/or Jorge Moreira, Attorney Registration 2016426, domiciled at 130W 42nd St.// 714 New York, NY 10036, and/or whoever they appoint to that purpose, have license to intervene in the forwarding of the current document in compliance with the functions attributed by Law.————————

Issued, sealed and signed at my Chambers in the City of Rosario, Province of Santa Fe, Argentina, on March 30, 2007.————————————————————

[There are two signatures with their descriptions: María Andrea Mondelli, Attorney, Head Court Clerk, 1st Instance Court of the Civil and Commercial District No. 14; María de los Milagros Lotti, Attorney, Judge, 1st Instance Court of the Civil and Commercial District No. 14. There is also a circular seal for the 1st Instance Court of the Civil and Commercial District No. 14.]————————————————

[On the third page of the document, at the top middle, there is a logo and an inscription: JUDICIARY BRANCH. On the top right hand corner there is an oval seal for the Civil Court of Appeals of Rosario. On the top left hand corner there is another seal for the same Court, which partly stamps the back of the second page—which is blank—as well as the front of the third page.] ————————————————

**CIVIL AND COMMERCIAL COURT OF APPEALS OF ROSARIO, SECTION IV, LEGALIZATIONS**————————————————————



The Head Court Clerk of Section IV of the Civil and Commercial Court of Appeals of Rosario, Province of Santa Fe, Argentine Republic, [There is a blank filled by a seal belonging to ADRIANA R. FARRANDO, Att., Head Court Clerk, Section IV, Civil and Commercial Court of Appeals of Rosario] **CERTIFIES** that the preceding seals and signatures belong to MARÍA DE LOS MILAGROS LOTTI—Judge—and MARÍA ANDREA MONDELLI—Head Court Clerk—and therefore **LEGALIZES** the current document.————

Rosario, March 30, 2007.————

[At the bottom, to the right, there is a signature with its description: ADRIANA R. FARRANDO, Att., Head Court Clerk, Section IV of the Civil and Commercial Court of Appeals of Rosario. Below the signature and description there is an inscription that reads: L-02-S IV—Judiciary Printers—Rosario. At the back of the third page, there is an attached receipt for the legalization fee. The receipt exhibits two rectangular seals and has a handwritten number appearing at the bottom right hand corner: 59623.]————

Fourth page of the document: APOSTILLE.————

[The page is printed on blue and white paper with a background motif. On the top right hand corner there is an inscription: SERIES A 1211969. On the top left hand corner there is the Argentine Coat of Arms.]————

**ARGENTINE REPUBLIC. MINISTRY OF FOREIGN AFFAIRS, INTERNATIONAL TRADE, AND WORSHIP**————

APOSTILLE (Convention de la Haye du 5 octobre 1961)————

1. Country: ARGENTINA. This public document was 2. signed by ADRIANA R. FARRANDO 3. in her capacity as VALIDATING OFFICIAL 4. It carries the seal/stamp of the NATIONAL CIVIL AND COMMERCIAL COURT OF APPEALS OF ROSARIO 5. and was registered in BUENOS AIRES 6. on April 3, 2007, 7. by the

LEGALIZATIONS COORDINATING UNIT, MINISTRY OF FOREIGN AFFAIRS, INTERNATIONAL TRADE, AND WORSHIP **8.** as Number 59623/2007 **9.** Seal/stamp: 39. **10.** Signature: [There is a signature and its description: AZUCENA OLIVO, Legalizations Coordinating Unit, Ministry of Foreign Affairs, International Trade, and Worship].----------

Type of Document: JUDICIARY CERTIFICATION. Requester: PESSINA ROGELIO ADOLFO ABOUT DECLARATION OF HEIRS----------

[At the bottom of the page, in the middle, there are two bar codes with the following numbers: 2007059623 and EB32111EF9F2D646B4F21902251BCE16, respectively. On the left margin there are two oval seals. One is stamped partly on the back of the third page and partly on the front of the fourth page of the document; the other is stamped partly on the back of the second page and partly on the front of the fourth. The seals belong to the Ministry of Foreign Affairs, International Trade, and Worship, and are overlapped by the same handwritten mark. The back of the fourth page is blank.]----------

This translation was carried out from Spanish into English in the month of April 2007, in the City of Rosario, Province of Santa Fe, Argentine Republic.----------

I, Francesca Calvo Di Marco, member of the Translators' Association of the Province of Santa Fe, 2nd District, do attest that this is a true and complete translation of an original document which I have had before me.----------

Yo, Francesca Calvo Di Marco, inscripta en la matrícula del Colegio de Traductores de la Provincia de Santa Fe, 2a Circunscripción, doy fe que la presente es traducción fiel y completa de un documento original que tuve ante mí.----------

FRANCESCA CALVO DI MARCO
TRADUCTORA EN IDIOMA INGLES
Mat. N°.485-02
Colegio de Traductores de la
Provincia de Santa Fe (2° Circunscripción)



COLEGIO DE
TRADUCTORES
DE LA PROVINCIA DE SANTA FE (2° CIRC.)

**TRANSLATION**

[On the left hand side corner, at the top, there is a logo and an inscription: Judiciary Branch. On the right hand side corner there are two sets of numbers: 40 and what seems to be 844. There is also a stamp overlapping a rectangular seal in red ink, both of them for the fee paid.]

No.1801. Rosario, June 24, 2005.

**HAVING REVIEWED** the file of "PESSINA, Rogelio Adolfo S/Declaratoria de herederos" (PESSINA, Rogelio Adolfo, About Declaration of Heirs), File No. 248/05, as well as all the additional written information attached to it

**AND CONSIDERING**

That the Certificate of Death attached to Page 2—registered in Volume I, Entry 222 A Year 2004, dated February 16, 2004, on record at the Civil Registry of Deaths of Rosario, Santa Fe—testifies to the demise of Rogelio Adolfo Pessina, which took place in the City of Rosario on February 14, 2004

That the decedent was single and had no children or siblings

His heirs are his great nephews: a) VALENTINA ETCHART, b) CAROLA ETCHART and c) SANTIAGO ETCHART, children of his first cousin, Mrs. MARÍA ELENA CATALINA FERRERO. The births of the three aforementioned great nephews are testified to by the certificates whose originals are attached to Pages 30/35 of the correspondent file and which were registered, respectively, as follows:

a) On Page 110, as No.980 in Volume II of the Book of Births of the year 1971 at the Office of General Pueyrredón, Section 3, Province of Buenos Aires, the Place of Birth being Mar del Plata.

b) On Page 40, as No.1062 of the Book of Births of the year 1968 at the Office of General Pueyrredón, Section 3, Province of Buenos Aires, the Place of Birth being

Mar del Plata—on Page No. [there is a blank].—————————————

c) At the back of page 52, as No.1110 of the Book of Births of the year 1972 at the Office of General Pueyrredón, Section 3, Province of Buenos Aires, the Place of Birth being Mar del Plata.————————————————————————

Mrs. MARÍA ELENA CATALINA FERRERO passed away in this city on July 21, 2004, as evidenced by the Death Certificate attached to Page 27, which was registered at the Civil Registry of Deaths of Rosario in Volume III, Entry No.842 B Year 2004.-

MARÍA ELENA CATALINA FERRERO was the daughter of ENRIQUETA ELENA BARONIO, according to Birth Certificate No.946—dated July 22, 1941, Civil Registry, Section 10 and 11, City of Buenos Aires—attached to Page 28.————

ENRIQUETA BARONIO was the sister of TERESA BARONIO, and they were both the daughters of JUAN BARONIO and CATALINA BARONIO. TERESA BARONIO was the mother of the decedent, ROGELIO ADOLFO PESSINA, as corroborated by the Birth Certificate attached to Page 29, registered as Entry No.527 of November 17, 1928, at the Civil Registry of Rosario.————————

Moreover taking into account:————————————————————

That the Citation Order required by Art. 592 of the Civil and Commercial Procedural Code (Spanish Acronym CPCC), Statute 5531, has been duly published, and that— as specified in the attestation of the _actuaria_ at the back of Page 15, and according to the report of the Head Court Clerk herself—no other individuals apart from the great nephews have come forward to claim hereditary rights.————————————

[_Translator's Notes_: a)The _actuaria_ transcribes the legal proceedings for the judge and attests—under oath—to the truth of the material she has transcribed—————————

b) In the document in Spanish, in the latter paragraph, "great nephews" appears in handwritten capital letters and replaces the original phrase "the husband/wife and



children," which has been crossed out.]

That the duly enforced provisions of Statute 5110 have been attached to Pages 17/21

That the stipulated intervention of the District Attorney's Office has already taken place and that their advice—on Page 38—has been that the current declaration of heirs be created

That the duly conducted official inquiry to the Archivo de Protocolos (Archive of Records by Notaries Public) of the Association of Notaries Public of the Province of Santa Fe has been attached to Pages 23/24, and that in the said inquiry it was determined that there is no record of any Act of Last Will on the part of Pessina, Rogelio Adolfo

That a similar inquiry was made at the Archivo Unificado (Unified Archive)—which is under the authority of the Federal Council of Argentine Notaries and encompasses all Acts of Last Will issued in the various Provinces of our Country—and that there is no record there of any will made by the decedent

Therefore, taking into account the preceding considerations and bearing in mind Articles 3565, 3570, and related provisions of the Civil Code, as well as Art.584 and related provisions of the Civil and Commercial Procedural Code, **I RESOLVE:** to declare that, due to the demise of Mr. Rogelio Adolfo Pessina, Mrs. María Elena Catalina Ferrero—the decedent's cousin—became his sole and universal heir, without injury to third parties. Following the demise of María Elena Catalina Ferrero, her children—Valentina, Carola, and Santiago Etchart Ferrero—became in turn sole and universal heirs, without injury to third parties.

Let the heirs be declared as such and the inheritance assets not belonging to third parties be placed in their possession. The involvement of the District Attorney's Office is to cease if no longer necessary.

This document is to be incorporated, made known, registered, and a copy is to be made available.------

[There is a handwritten inscription in capital letters that reads: ERRATUM: THE GREAT NEPHEWS: VALID. At the bottom, to the left, there is a circular seal for the 1st Instance Court of the Civil and Commercial District No. 14. Overlapping the seal there are the following handwritten numbers: 8-67. To the right, there are two signatures and their descriptions: María Andrea Mondelli, Attorney, Head Court Clerk, 1st Instance Court of the Civil and Commercial District No. 14; María de los Milagros Lotti, Attorney, Judge, 1st Instance Court of the Civil and Commercial District No. 14. There is also a rectangular seal that bears the signature of María Andrea Mondelli as well as the date—June 26, 2006—and which certifies that this is a true copy of an original document. At the top of the page, on the right hand margin, there is an oval seal for the Civil Court of Appeals of Rosario which partly stamps the following page.]------



[On the second page of the document, at the top middle, there is a logo and an inscription: JUDICIARY BRANCH]------

CIVIL AND COMMERCIAL COURT OF APPEALS OF ROSARIO, SECTION III, LEGALIZATIONS------

The Head Court Clerk of Section III of the Civil and Commercial Court of Appeals of Rosario, Province of Santa Fe, Argentine Republic [There is a blank filled by a seal belonging to GONZALO HERNANDEZ, Att., Head Court Clerk, Section III, Civil and Commercial Court of Appeals of Rosario] **CERTIFIES** that the preceding seal and signature belong to MARÍA ANDREA MONDELLI, and therefore **LEGALIZES** the current document.------

Rosario, June 26, 2006.------

[At the bottom, to the right, there is a signature with its description: GONZALO HERNANDEZ, Att., Head Court Clerk, Section III, Civil and Commercial Court of Appeals of Rosario. Below the signature and description there is an inscription that reads: L-02-S III—Judiciary Printers—Rosario. At the bottom, to the left, there is an oval seal for the Civil Court of Appeals of Rosario. At the back of the second page, there is an attached receipt for the legalization fee. The receipt exhibits two rectangular seals and a handwritten number appearing at the bottom right hand corner: 41398.]——

Third page of the document: APOSTILLE.————————————————————

[The page is printed on blue and white paper with a background motif. On the top right hand corner there is an inscription: SERIES A 1146651. On the top left hand corner there is the Argentine Coat of Arms.]————————————————

ARGENTINE REPUBLIC. MINISTRY OF FOREIGN AFFAIRS, INTERNATIONAL TRADE, AND WORSHIP————————————————
APOSTILLE (Convention de la Haye du 5 octobre 1961)————————
1. Country: ARGENTINA. This public document was 2. signed by GONZALO HERNANDEZ 3. in his capacity as VALIDATING OFFICIAL 4. It carries the seal/stamp of the NATIONAL CIVIL AND COMMERCIAL COURT OF APPEALS OF ROSARIO 5. and was registered in BUENOS AIRES 6. on March 8, 2007, 7. by the LEGALIZATIONS COORDINATING UNIT, MINISTRY OF FOREIGN AFFAIRS, INTERNATIONAL TRADE, AND WORSHIP 8. as Number 41398/2007 9. Seal/stamp: 39 10. Signature: [There is a signature and its description: SEGUNDO ACUÑA, Legalizations Coordinating Unit, Ministry of Foreign Affairs, International Trade, and Worship.]————————————————————

Type of Document: CERTIFICATE OF DECLARATION OF HEIRS. Requester:——

ROGELIO ADOLFO PESSINA.----------------------------------------------------------

[At the bottom of the page, in the middle, there are two bar codes with the following numbers: 2007041398 and F467B1CAC4479AB6670E1CB1617AA7F4, respectively. On the left margin, at the top, there are two oval seals stamped partly across the back of the second page and partly on the front of the third page of the document. These correspond to the Ministry of Foreign Affairs, International Trade, and Worship and they have each the same signature without description. The back of the third page is blank.]-------------------------------------------------------------------------------------

This translation was carried out from Spanish into English in the month of April 2007, in the City of Rosario, Province of Santa Fe, Argentine Republic----------------------------

I, Francesca Calvo Di Marco, member of the Translators' Association of the Province of Santa Fe, 2nd District, do attest that this is a true and complete translation of a copy of an original document which I have had before me.-------------------------------------------

Yo, Francesca Calvo Di Marco, inscripta en la matrícula del Colegio de Traductores de la Provincia de Santa Fe, 2a Circunscripción, doy fe que la presente es traducción fiel y completa de una copia de un documento original que tuve ante mí.----------------

FRANCESCA CALVO DI MARCO
TRADUCTORA EN IDIOMA INGLES
Mat. N° 485-92
Colegio de Traductores de la
Provincia de Santa Fe (2° Circunscripción)



**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE LETTER OF REQUEST ) | |
| FROM ARGENTINA ) | |
| IN THE MATTER OF ) | Misc No. 08- |
| PESSINA ) | |

<u>ORDER</u>

      Upon application of the United States of America; and upon examination of a letter of request from Argentina whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Argentina and the Court being fully informed in the premises, it is hereby

      **ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Argentine authorities as follows:

      1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the information requested;

      2. provide notice with respect to the collection of information to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

      3. adopt procedures to collect the information requested consistent with its use as evidence in a proceeding before a Court

in Argentina, which procedures may be specified in the request or provided by the Argentine authorities;

    4. seek such further orders of this Court as may be necessary to execute this request; and

    5. certify and submit the evidence collected to the Office of International Affairs, Civil Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Argentine authorities.

IT IS FURTHER ORDERED that, in collecting the information requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2008.

_____
United States District Court Judge